(Reap. Dec. 8781)

ANDREW FISHER CYCLE CO., INC., ET AL. *v*. UNITED STATES

Entry No. 701993, etc.

(Decided April 5, 1957)

*Brooks & Brooks* for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedule "A," attached to and made part of the decision herein, present the question of the proper dutiable value of certain bicycles imported from Germany.

The parties hereto have stipulated and agreed that said bicycles were appraised on the basis of statutory cost of production. It was further stipulated and agreed that the cost of materials and fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the involved merchandise which would ordinarily permit the manufacture or production thereof in the usual course of business, plus the usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise, plus the cost of all containers and coverings, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum of the costs of materials and fabrication or manipulation and general expenses) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind equal the appraised unit invoice price, less items marked X in red ink.

Upon the agreed facts of record, I find and hold that cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)), is the proper basis of value for the bicycles in issue, and that said value is the appraised unit invoice price, less items marked X in red ink.

Judgment will be issued accordingly.